UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LLOYD LICHTI, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23CV580-PPS/JEM |
| DR. THOMAS RYAN, | |
| Defendant. | |

OPINION AND ORDER

Lloyd Lichti, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Lichti is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notably, however, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Lichti alleges he slipped and fell while in the shower at the Indiana State Prison on August 10, 2021. He was given an x-ray, which showed his left femur was broken. He was taken to Franciscan Hospital in Michigan City, and three days later he was operated on by Dr. Thomas Ryan who "inserted a metal rod in [his] femur with a screw at the bottom and another screw at the top." ECF 1 at 3. Afterwards, Dr. Ryan told him the surgery only took him seven minutes, which was two minutes shy of his "best" time. *Id*. During his rehabilitation and physical therapy exercises following the surgery, "the top screw moved inward and destroyed [his] hip joint ball and socket." *Id*. On December 8, 2021, Dr. Ryan performed a complete hip replacement surgery, but it made Lichti's "left leg longer than [his] right leg," which has resulted in chronic lower back and left knee pain. *Id*. In this case, Lichti sues Dr. Ryan for compensatory and punitive damages.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court will "defer to medical professionals' treatment decisions unless there is evidence that no minimally

competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted).

This standard "reflects the reality that there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted). Additionally, it is not enough that a medical professional be mistaken in his or her judgment. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege deliberate indifference, which is "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722.

Even if Dr. Ryan can be considered a state actor—a fact which is far from clear[1]— the complaint doesn't allege that he was deliberately indifferent to Lichti's medical needs. Although Lichti claims the first surgery was performed quickly and that his leg was ultimately rendered worse after the second surgery, no facts indicate Dr. Ryan provided a constitutionally inadequate lack of care. At most, Lichti has suggested Dr. Ryan may have been negligent or reckless when he performed the surgeries, but that is not enough to state an Eighth Amendment claim. *See e.g., Hildreth v. Butler*, 960 F.3d at 425–26; *Thomas*, 2 F.4th at 722.

---

[1] "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted).

Lichti may be trying to assert negligence, malpractice, or some other state law tort against Dr. Ryan, but without a viable federal claim, I won't allow him to litigate this potential state law claim in federal court.[2] *See* 28 U.S.C. § 1367; *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons I previously explained, such is the case here.

ACCORDINGLY:

This case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint fails to state any claims over which this court has subject matter jurisdiction. This dismissal is without prejudice to the plaintiff's pursuit of state law claims against Dr. Ryan in state court.

SO ORDERED on April 17, 2024.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

---

[2] There is also no basis to conclude diversity jurisdiction exists. He does not plead the citizenship of any party as required to invoke diversity jurisdiction, but it's evident that he and Dr. Ryan were both located in Indiana at the time of the events in question. *See* 28 U.S.C. § 1332.